**CHUAN WU CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–5446–ag.

United States Court of Appeals, Second Circuit.

Aug. 15, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Dunn Lampton, United States Attorney, Southern District of Mississippi, Edward O. Pearson, Assistant United States Attorney, Southern District of Mississippi, Jackson, MS, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Chuan Wu Chen, a native and citizen of the People's Republic of China, seeks review of a November 6, 2006, order of the BIA denying his motion to reopen his removal proceedings. *In re Chuan Wu Chen*, No. A75 962 152 (B.I.A. Nov. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Such an abuse may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations ómitted). That is not this case.

Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen must be filed within 90 days of the entry of the final decision in the underlying proceeding. This 90–day period is subject to equitable tolling if the movant shows that his due process rights were violated by ineffective assistance of counsel, and if the movant demonstrates "due diligence in pursuing the case during the period [he] seeks to toll." *See also Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam); *Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 135 (2d Cir.2000).

Here, there is no dispute that Chen's June 2006 motion was untimely because the BIA issued its decision finalizing the IJ's order of removal in August 2001. Nevertheless, Chen argues that the BIA erred in declining to reopen his case because he was prejudiced by his prior counsel's ineffectiveness and he acted with due diligence upon learning the reason for the BIA's dismissal of his appeal.

The BIA acted well within its discretion in concluding that Chen failed to demonstrate due diligence during the time period from 2002 to 2006. It appears that the

BIA implicitly tolled the time between its August 2001 and July 2002 decisions. Chen asserts that he could not reasonably be expected to have moved to reopen his removal proceeding before 2006 because he did not learn of his attorney's ineffectiveness until January of that year, after retaining new counsel and discovering that his original appeal had been denied as untimely. [Blue 5] In fact, the record shows that Chen learned that his appeal had been denied as untimely in July 2002, when the agency's denial of former counsel's fraudulent "pro se" motion for reconsideration that appeal disposition was mailed directly to Chen. Chen has never alleged that he did not receive this July 2002 ruling.

Thus, even if Chen did not discover the particulars of his attorney's ineffectiveness until 2006, by July 2002 he was on notice of counsel's general failure responsibly to pursue his case. Under these circumstances, the BIA reasonably concluded that Chen's actions between 2002 and 2006 did not demonstrate the due diligence necessary to warrant equitable tolling. *See Iavorski*, 232 F.3d at 134 (2d Cir.2000); *see also Cekic v. I.N.S.*, 435 F.3d 167, 170 (2d Cir.2006). Accordingly, we identify no abuse of discretion in the BIA's denial of the motion to reopen.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.